NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellant*,

*v.*

JEFFREY JOSEPH YORK, *Appellee*.

No. 1 CA-CR 25-0098

FILED 08-10-2026

Appeal from the Superior Court in Yavapai County
No. S1300CR202301112
The Honorable Michael P. McGill, Judge

**SENTENCES VACATED AND REMANDED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joshua C. Smith
*Counsel for Appellant*

Zickerman Law Office PLLC, Flagstaff
By Adam Zickerman
*Counsel for Appellee*

_____

## MEMORANDUM DECISION

_____

Presiding Judge Veronika Fabian delivered the decision of the Court, in which Judge Kent E. Cattani and Judge Michael S. Catlett joined.

_____

**F A B I A N**, Judge:

**¶1**            At the time Jeffrey York was sentenced, sentencing enhancements for dangerous crimes against children were not available where the victim was not actually a minor under *State v. Marner (Marner I)*, 258 Ariz. 512 (App. 2024), *rev'd*, 261 Ariz. 275 (2026). But in *State v. Marner (Marner II)*, 261 Ariz. 275, 285 ¶ 47 (2026), the Arizona Supreme Court reversed *Marner I*. Thus, the State argues that York received an illegally lenient sentence.

**¶2**            Because York's case is on appeal, it is not final, and *Marner II* applies. Accordingly, we vacate York's sentences and remand for resentencing.

## FACTUAL AND PROCEDURAL BACKGROUND

**¶3**            In 2023, Yavapai County law enforcement conducted an undercover operation in Prescott where officers used social media apps to chat with, identify, and apprehend possible child sex offenders. During the operation, a detective set up an undercover profile on an app and was contacted by York. The detective told York that he had two children, ages 7 and 11. The detective sent photos of the "children" to York, but there in fact were no children. The two planned to meet at a park where York would meet the "children." York and the detective also talked over the phone, where York spoke with someone posing as the detective's daughter. York indicated to the "daughter" that he would perform oral sex on her.

**¶4**            York was apprehended by police at the park where he had arranged to meet the detective. In York's truck was candy, a condom, and the phone used to communicate with the detective.

**¶5**            York was indicted in October 2023. At a March 2024 settlement conference, he requested more time to review the State's plea offer, but the offer was withdrawn and the case went to trial.

**¶6**   Prior to trial, but after the plea offer was withdrawn, on October 30, 2024, this Court issued its opinion in *Marner I*. That case held that the sentencing enhancements for dangerous crimes against children under A.R.S. § 13-705 ("DCAC enhancements") do not apply to a conviction of luring a minor for sexual exploitation if the victim is not actually a minor under the age of 15, or a "fictitious minor." *Marner I*, 258 Ariz. at 518-19 ¶¶ 20-23.

**¶7**   At trial, York testified in his defense. Although he denied having any sexual interest in children, he admitted that he intended to meet the detective's "undercover persona and engage in sex with him and his children."

**¶8**   Before trial, the State stated that it understood that, under *Marner I*, DCAC enhancements did not apply, but requested the jury still make DCAC findings. The superior court included the DCAC interrogatory on the final verdict form with no objection. The jury found York guilty of luring a minor for sexual exploitation and two counts of attempt to commit sexual misconduct with a minor. The jury found all three offenses were dangerous crimes against children.

**¶9**   At sentencing, consistent with *Marner I*, the superior court did not apply DCAC enhancements. The court sentenced York to a four-year sentence for luring a minor and three-year sentences for attempted sexual misconduct with a minor, all to be served consecutively. The court found no aggravating factors. As mitigating factors, the court considered York's "family support, the community support, his efforts at treatment, his medical issues, possible mental health issues" and York's prior law enforcement career, but gave those factors "very little weight" based on the facts of the case.

**¶10**   The State timely appealed and we have jurisdiction under Article VI, Section 9 of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1) and 13-4031 and 4032(5).

## DISCUSSION

**¶11**   Whether the superior court applied the correct sentencing statute is a question of law, which we review *de novo*. *State v. Hollenback*, 212 Ariz. 12, 16 ¶ 12 (App. 2005). The State argues that because this Court's holding in *Marner I* was overturned, York should have received an enhanced sentence under § 13-705. *See State v. Marner* (*Marner II*), 261 Ariz. 275, 285 ¶ 47 (2026). York argues that the Supreme Court's holding in *Marner II* should not apply retroactively.

## I.  *Marner II* **Applies to York.**

**¶12**     A decision that overrules precedent and announces a new standard for criminal cases "generally must be applied retroactively" to cases that are not yet final. *State v. Slemmer*, 170 Ariz. 174, 180 (1991). If a case is pending on direct review, it is not final, and new rules for criminal proceedings, even those constituting a "clear break" from the past, must be applied to it. *Griffith v. Kentucky*, 479 U.S. 314, 326-28 (1987).

**¶13**     York argues that retroactive application of *Marner II* would violate the *Ex Post Facto* Clause of the United States Constitution. In support, he maintains that the retroactive application of *Marner II* would have a detrimental effect on the administration of justice because it would deprive him of the ability to make an informed decision about how to proceed with his case, including considering plea offers, violating his due process rights. However, the *Ex Post Facto* Clause applies to a change in the law that criminalizes conduct that was not criminal when committed. *See Bouie v. City of Columbia*, 378 U.S. 347, 353–54 (1964). And here, neither *Marner I* nor *Marner II* criminalized otherwise non-criminal conduct.

**¶14**     Furthermore, at the time of the State's final plea offer in March of 2024 was withdrawn, *Marner I* had not been decided. Thus, York's potential sentence at the time the offer remained open included possible DCAC enhancements, and York was aware of "the full range of potential punishment" he faced upon conviction. *State v. Benak,* 199 Ariz. 333, 336–37 (App. 2001). Accordingly, applying *Marner II*, we vacate York's sentences.

## II.  **York's Sentences on Remand.**

**¶15**     York argues that if the case is remanded for resentencing, we should instruct the superior court to impose a mitigated sentence as the court initially found mitigating factors and a lack of aggravating factors. On remand, the superior court should, complying with § 13-705 and in consideration of its original findings on mitigating and aggravating factors, impose a just sentence as it deems fit.

**¶16**     York also argues that his four-year sentence for luring a minor was illegal as it was above the presumptive 3.5-year sentence under A.R.S. § 13-702(D) and the jury found no aggravating factors. This issue is moot, however, because we have vacated that sentence.

## CONCLUSION

¶17        We vacate York's sentences and remand to the superior court for resentencing.



MATTHEW J. MARTIN • Clerk of the Court
FILED:              JR